**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HONORABLE ROBERT H. BURNSIDE,
<u>Special Master,</u>

ALEXANDER S.; ALFRED S.;
BENNY B.; CHRISTOPHER M.;
LAFAYETTE M.; RICKY S., by and
through their Guardian ad Litem;
LESLY A. BOWERS, Guardian ad
Litem,

    No. 96-1036

<u>Plaintiffs-Appellees,</u>

and

INEZ MOORE TENENBAUM,
individually and as a representative
of a class of juveniles,
<u>Plaintiff,</u>

v.

FLORA BROOKS BOYD, individually
and in her official capacity as
Director of the Department of
Juvenile Justice; RICHARD E.
MCLAWHORN, individually and in his
official capacity as former
Commissioner of the Department of
Juvenile Justice for the State of
South Carolina; JOHN F. HENRY;
FRANK MAUDLIN; KATHLEEN P.
JENNINGS; JOSEPH W. HUDGENS;
KAROLE JENSEN; J. P. NEAL,
individually and in their official
capacities as former Board
Members for the South Carolina
Department of Juvenile Justice,
Defendants-Appellants,

and

SOUTH CAROLINA DEPARTMENT OF
YOUTH SERVICES,
Defendant,

MICHAEL W. MOORE, Director of the
South Carolina Department of
Corrections,
Movant.

RICHARD A. HARPOOTLIAN, in his
official capacity as the Solicitor for
the Fifth Judicial Circuit,
Amicus Curiae.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CA-90-3062-3-17)

2

Argued: May 6, 1996

Decided: June 6, 1996

Before MURNAGHAN, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Frank S. Potts, LIDE, MONTGOMERY, POTTS &
MEDLOCK, P.C., Columbia, South Carolina, for Appellants.
W. Gaston Fairey, FAIREY, PARISE & MILLS, P.A., Columbia,
South Carolina; C. Mitchell Brown, NELSON, MULLINS, RILEY &
SCARBOROUGH, L.L.P., Columbia, South Carolina, for Appellees.
**ON BRIEF:** Vinton DeVane Lide, Michael Stephen Pauley, LIDE,
MONTGOMERY, POTTS & MEDLOCK, P.C., Columbia, South
Carolina, for Appellants. Rochelle L. Romosca, FAIREY, PARISE &
MILLS, P.A., Columbia, South Carolina; Claude M. Scarborough,
NELSON, MULLINS, RILEY & SCARBOROUGH, L.L.P., Colum-
bia, South Carolina; Nancy C. McCormick, SOUTH CAROLINA
PROTECTION AND ADVOCACY SYSTEM FOR THE HANDI-
CAPPED, INC., Columbia, South Carolina; Leslie A. Bowers,
Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The sole question presented in this case is whether the district court
abused its discretion in awarding attorneys' fees to plaintiffs who pre-

vailed in a class action challenging the conditions of juvenile confinement in state institutions. Finding no error, we affirm.

Brought pursuant to 42 U.S.C. § 1983 (1994), this action was initiated in December, 1990 to challenge the constitutionality of the policies, practices, and conditions at four juvenile correctional institutions operated by the South Carolina Department of Juvenile Justice. The district court certified the case as a class action in which the plaintiffs represented all persons presently, or in the future, housed in these institutions.

After the parties attempted, but were unable to settle the case, they engaged in extensive pretrial activity. The plaintiffs raised a number of complex legal issues, which the district court found, they probably could not have pursued without the assistance of a large law firm. This was the first case involving such legal issues that ever went to trial in the United States. That trial consumed several months in the summer of 1994 before the United States District Court for the District of South Carolina. Sixty-six witnesses, including seventeen expert witnesses, testified at trial and thousands of pages of exhibits were introduced. On January 25, 1995, the district court issued an exhaustive opinion finding that the plaintiffs "have proved that certain conditions of confinement" in the institutions "violate their constitutional and statutory rights" and ordering the State to create and implement a comprehensive remedial plan. See Alexander S. v. Boyd, 876 F. Supp. 773, 778 (D.S.C. 1995). No party appealed this ruling.

On May 26, 1995, the plaintiffs filed a motion for attorneys' fees and costs, supported by a memorandum of law, affidavits, and billing records. The State did not challenge plaintiffs' status as prevailing parties but generally took issue with the rates, hours, and documentation submitted by the plaintiffs. After asking for supplemental materials from the plaintiffs, on November 22, 1995, the district court issued another comprehensive opinion in which it made extensive findings of fact. Applying controlling legal principles to these facts, the court did not award all of the requested fees and costs but did award $1,185,108.91 in attorneys' fees and costs to the plaintiffs.[1]

_____

[1] Over the course of this litigation, one law firm representing the plaintiffs absorbed more than $200,000 in fees and expenses. Moreover, that firm indicated to the district court its intent to contribute its portion of the fees awarded, $661,212.45, to an appropriate charity for children.

4

On appeal, the State argues that the district court abused its discretion in awarding even the reduced amount of fees and costs because: (1) the plaintiffs "knowingly made improper and misleading claims in the documentation submitted to the court in support of their motion;" (2) the "descriptions of time submitted [by the plaintiffs] . . . were insufficient;" and (3) the trial court requested that plaintiffs submit additional materials. Brief of Appellants at 1. **2** After carefully considering the briefs and arguments of the parties and reviewing the extensive record in this case, we conclude that the district court did not in any respect abuse its substantial discretion.

First, there is no evidence that the plaintiffs knowingly made any misleading claim. Indeed, it is uncontroverted that, when claims for computer services and project assistants were questioned by the State, the plaintiffs withdrew those claims, even though there is case law permitting such charges. See, e.g., Trimper v. Norfolk, 58 F.3d 68, 75 (4th Cir.), cert. denied, ___ U.S. ___, 116 S. Ct. 535 (1995). The State never suggested in the district court that the court should penalize the plaintiffs for attempting to obtain reimbursement for such expenses by denying all fees, and there is no authority supporting such an argument.

Second, the plaintiffs submitted numerous billing records substantiating and describing the time spent on the case. The district court found, and we agree, that these records were sufficiently detailed to permit the district court to make a proper award. Although claiming to have general problems with these awards, the State never availed itself of the opportunity given to it to depose plaintiffs' counsel or otherwise substantiate its general concerns. Thus, there is no basis in the record from which we could conclude that the district court's

_____

**2** At oral argument, the court asked the State if it made any additional argument based on the recent amendments to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997 (1994). The State specifically disavowed any such claims. We note that it is not at all clear whether the 1996 amendments, which apply only to persons confined to a "jail, prison or other correctional facility" apply to juveniles confined in juvenile institutions, or even if they did whether they would apply retroactively. However, we need not reach that question here in view of the State's decision not to pursue any argument under the Act.

detailed factual findings are clearly erroneous. Finally, nothing prevents a court from requesting additional materials of any party. Indeed, the district court's request that plaintiffs submit additional materials is indicative of the court's care in examining the fee request. Accordingly, we affirm on the basis of the district court's thorough opinion. See Alexander S. v. Boyd, C/A No. 3:90-3062-17 (D.S.C. Nov. 22, 1995).

AFFIRMED

6